In the Matter of Max Miller et al., Appellants, *v.* Hortense W. Gabel, as City Rent and Rehabilitation Administrator, Respondent.

First Department, June 29, 1965.

*Bernard Buchwald* of counsel (*Morton M. Meyer* with him on the brief; *Mathilda Miller Cuneo,* attorney), for appellants.

*Florence R. Zimmerman* of counsel (*Beatrice Shainswit,* attorney), for respondent.

*Per Curiam.* This is an appeal from an order entered February 17, 1965 which upheld the determination of respondent which denied petitioners-appellants' application for certificates of eviction.

Petitioners applied pursuant to section 59 of the State Rent and Eviction Regulations for permission to withdraw premises 329 West 43rd Street (329) from the rental market and to obtain certificates of eviction for the premises. 329 is an old-law 10-family tenement now and since about 1961 occupied by four families. The surrounding property is owned in fee by Max Miller, a petitioner herein, who also is the sole stockholder of Times Square Parking, Inc. (Times Square), the remaining petitioner. The buildings which once occupied the surrounding area have long since been demolished and the land utilized as a part of the garage and public parking business of petitioner Times Square. Repeated attempts have been made over the years to obtain eviction certificates for the tenants of 329, all without success. The most recent is the present proceeding, instituted in April, 1962 by Miller as owner-landlord and Times Square as corporate tenant-landlord of 329, to obtain certificates of eviction against the four remaining tenants in order to demolish the building and use the property in connection with the business of Times Square.

The application was denied April 3, 1963 by the Administrator on the ground that a lease of January 2, 1959 between Miller

and Times Square was invalid, that a lease of November 18, 1959 between the same parties was invalid, and that the real operator of the premises was Miller and he did not intend to use the premises in his business. In an article 78 proceeding instituted by the petitioners, GELLINOFF, J., on June 12, 1963, remanded the proceedings to respondent, holding in effect that Times Square's contention that it qualified as a landlord by virtue of the long-term lease was correct, but directed further inquiry as to the validity of such lease. Upon the remand respondent Administrator refused to permit eviction, holding the leases invalid and concluded Miller would not be operating a business owned by him on the premises or that Times Square is the landlord of the premises. In an article 78 proceeding brought thereafter GELLINOFF, J. denied the petitioners' application and dismissed the petition. It is from the order entered thereon that this appeal is taken.

There is no serious question that Miller is the owner of the fee or that he is the sole stockholder of Times Square. He owns the property immediately adjacent to No. 329, known as 331, 333, 335, 337 and 339 West 43rd Street, as well as 332–334 West 44th Street, located to the rear of and contiguous to the West 43rd Street property. All of that land with the exception of 329 has been cleared and is apparently a part of the garage and parking business being operated by Times Square. In light of the rulings made by the Administrator a brief reference to the past history of the premises might be helpful.

In 1959 Miller made application for certificates of eviction on premises 329, 337 and 339 West 43rd Street. The application was denied because certain necessary city permits in connection with the proposed use of the premises had not been obtained. Between the time of the application and the denial on December 17, 1959, the construction of the garage had been completed, and sometime in or about October, 1959 operations had commenced. Also, while the proceeding was pending the title of the applicant had been amended to indicate Times Square Parking, Inc. as such applicant. In denying the application reference was made to the fact that there was a new business operating and the application might also be considered premature.

There were other factors which might have been considered in reaching the determination. January 2, 1959 a lease had been executed between Miller as landlord and Times Square as tenant, but at that time title had not been transferred from Vedado Realty Corp., a wholly-owned corporation of Miller, to Miller. This was not done until March 26, 1959. Also, the name of Times Square had not been changed from Times Square Parking

Lot, Inc. to Times Square Parking, Inc. until October, 1959. Undoubtedly because of these facts, on November 18, 1959 a new lease was executed between Miller and Times Square covering premises 329, 337 and 339 West 43rd Street for a period of 21 years, with an option to renew for 21 years at an agreed rental of $10,000 per year. In January, 1961 Times Square under such lease made application for certificates of eviction for 337 and 339 West 43rd Street under section 59 of the regulations, pointing out there were violations on the premises and the cost of removing such violations exceeded the value of the building. Later the consent of Miller as owner of fee was filed. The application as to 339 was withdrawn because of an amicable settlement, but as to 337 the Administrator in 1961 held that the landlord qualified for certificates of eviction and that the orders of the Local Rent Administrator were properly issued. By so doing the Administrator recognized Times Square as the tenant-landlord with a right to evict the occupants of the premises, and accordingly by necessary implication considered the November 1959 lease as valid. Another factor which should be considered is that in May, 1960 the tenants of premises 329 applied for reductions in rent. They then named Times Square as their landlord and the record indicates it was recognized as such by the State Rent Administrator. Those tenants are some of the same tenants presently involved in this proceeding. Thus we see two situations in which the Administrator recognized Times Square as the landlord. It is correct that this was while rent control was in the hands of the State. In May, 1962 it was transferred to the control of the city. The two instances cited established Times Square's status as lessee of 329 with appropriate rights of eviction. The mere fact that there was a change of control from State to city does not authorize respondent to disregard prior determinations of the State Rent Administrator. (*Matter of Ess Pee Bee Realty Corp.* v. *Gabel,* 22 A D 2d 207, affd. 16 N Y 2d 524.) Nor was there warrant to consider the question of status and lease validity *de novo* merely to arrive at a contrary conclusion. There should be a measure of realism in approaching these problems, and some point at which the treadmill stops when there is no violence done to the letter, the spirit or objectives of the law.

Petitioners assert that denial of the certificates continues a hardship imposed upon them because the income of 329 is not sufficient to meet the operating expenses and that the premises, assessed at $3,000, would require $1,500 to remove the violations. This of course is in reference to paragraph (4) of section 59 of the regulations. They urge also that there is no question that

they seek to recover possession in order to demolish 329 in order to use the premises in their business. As a consequence they assert that the Administrator could have granted relief under section 58 of the regulations. Their argument finds some support in a directive issued August 28, 1950 in Protest No. PLE4NK in connection with procedure under or a construction of section 54 of the regulations. In that case the State Administrator sustained a landlord's protest, granted the relief sought and stated '' an application should not be denied under these circumstances merely because it was not filed under the proper section where it appears that the relief requested would be granted if it had been filed under some other section of the regulations.'' In sum, under the circumstances present the fact that rent might have been paid irregularly or in varying amounts is not determinative of the validity of the lease, and on the record here present it is concluded that respondent's determination is not supported by substantial evidence. Accordingly, the judgment denying the application to annul the Administrator's determination should be reversed on the law, with costs, and the matter remanded to the Administrator for further proceedings not inconsistent with this opinion.

RABIN, J. P., McNALLY, STEVENS, STEUER and STALEY, JJ.. concur.

Judgment unanimously reversed, on the law, with $50 costs to appellants, and the matter remanded to the respondent-respondent for further proceedings not inconsistent with the opinion *Per Curiam* filed herein.